UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SERGIO R CASANUEVA, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                               )
                Plaintiffs, )
  vs. )
                                                             )
ATREX, INC., )
DAVID BRAFFORD, )
                                                             )
               Defendants. )
_____)

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME VIOLATIONS**

Plaintiff, SERGIO R CASANUEVA, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, ATREX, INC., and DAVID BRAFFORD, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant, ATREX, INC., is a corporation that regularly transacts business within Dade County.

4. The individual Defendant DAVID BRAFFORD is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff SERGIO R CASANUEVA worked for Defendants as a cable installer from on or about September 16, 2017 through the present and ongoing.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs'

use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while Plaintiffs worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

11. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act (i.e. cable wires, splicer, cable testers, wire connectors, pliers, etc.).

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016 and 2017.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is believed to have exceeded $375,000 for the first nine months of the year 2018 and is expected to exceed $500,000 for the year 2018.

14. As set forth in *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266-1267 (11th Cir. Fla. 2006,

> The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce. McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S. Ct. 1248, 87 L. Ed. 1538. [**6] Therefore, HN5 for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

15. Plaintiff was "engaged in commerce" as Plaintiff was directly participating in the actual movement of persons or things in interstate commerce by working for an instrumentality of

interstate commerce (e.g., communication industry employees) and by regularly using the instrumentalities of interstate commerce in Plaintiff's work (e.g. regularly and recurrently utilizing cable wires on interstate highways and public streets).

16. Plaintiff was paid by check for the first three months that Plaintiff worked for Defendants made out to him as an individual. Then, Plaintiff was told by the Human Resources department for the Defendants, that Plaintiff must open a corporation and that his payment would be paid through this Corporation. Thereafter, Plaintiff was paid by Defendants through his Corporation. His job responsibilities and job duties never changed throughout his employment as he worked exclusively for the Defendants and is economically dependent on Defendants. Defendants always had control over Plaintiff's work.

17. Between the period of on or about September 16, 2017 through the present and ongoing, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $11.00 per hour but was not paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

18. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,
J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
     J.H. Zidell, Esq.
     Florida Bar Number: 0010121